IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GD Concrete Construction, Inc., a Nebraska corporation,<br><br>Plaintiff,<br><br>v.<br><br>The Whiting-Turner Contracting Company, a Maryland corporation, Fidelity and Deposit Company of Maryland, an Illinois corporation,<br><br>Defendants. | Case No.: 8:24-cv-00287<br><br>**AMENDED COMPLAINT** |

COMES NOW Plaintiff GD Concrete Construction, Inc. ("GD Concrete"), by and through its undersigned counsel, and for its Amended Complaint against Defendants The Whiting-Turner Contracting Company ("Whiting-Turner") and Fidelity and Deposit Company of Maryland ("Fidelity"), hereby states and alleges as follows:

### I.  PARTIES

1.  GD Concrete is a corporation organized under the laws of the State of Nebraska, with its principal place of business in Overton, Dawson County, Nebraska.

2.  Upon information and belief, Whiting-Turner is a Maryland corporation whose principal place of business is in Baltimore, Maryland.

3.  Upon information and belief, Fidelity is an Illinois corporation whose principal place of business is in Baltimore, Maryland.

### II.  JURISDICTION AND VENUE

4.  The Court has subject matter jurisdiction pursuant to Nebraska Revised Statutes section 24-302 because this is a civil matter over which this Court has general and original jurisdiction.

1

5. This Court has personal jurisdiction over Whiting-Turner and Fidelity pursuant to Nebraska Revised Statutes section 25-536 because both Whiting-Turner and Fidelity transact business in this state, including, but not necessarily limited to, the transaction giving rise to this action.

6. This Court has personal jurisdiction over Fidelity the surety company on the bond under Neb. Rev. Stat. § 52-142 to which GD Concrete's construction lien rights transferred.

7. Venue is proper in this Court pursuant to Neb. Rev. Stat. §§ 25-401 and 25-403.01 because Buffalo County, Nebraska, is the county where the subject real estate is located and where the transaction occurred out of which GD Concrete's causes of action arose.

### III.   FACTUAL BACKGROUND

8. This dispute arises out of structural concrete work that GD Concrete performed for Whiting-Turner on the Museum of Nebraska Art project (the "Project") in Kearney, Nebraska.

9. At all times relevant hereto, the legal description for the real property which was improved and where the Project is located was and is:

> Lots 12, 13, 14, 15, 16, 17, 68, 69, 70, 71, and 72 of the Southwest Quarter School Section Addition to the City of Kearney, Buffalo County, Nebraska; and
>
> The vacated alley from the West line of Avenue "A" westerly to the East line of Central Avenue as the same abuts said lots 12, 13, 14, 15, 16, and 17 on the North and lots 68, 69, 70, 71, and 72 on the South in the Southwest Quarter School Section Addition to the City of Kearney, Buffalo County, Nebraska (the "Real Estate").

10. On or around April 27, 2022, GD Concrete and Whiting-Turner entered into a Subcontract (the "Subcontract") GD Concrete's original scope of work on the Project.

11. Pursuant to the Subcontract, GD Concrete completed its work on the Project on or around February 26, 2024.

12. Despite completing its work under the Subcontract, Whiting-Turner has not paid GD Concrete since July 1, 2023.

13. Due to Whiting-Turner's nonpayment, GD Concrete is currently owed not less than $358,717.50.

14. Whiting-Turner has failed and/or refused to pay GD Concrete for its work on the Project despite multiple attempts by GD Concrete to collect.

15. As a result of Whiting-Turner's failure to pay GD Concrete for the work it has performed and the materials it has supplied for the Project pursuant to the Subcontract, GD Concrete filed a construction lien against the Real Estate with the Buffalo County, Nebraska, Register of Deeds as Instrument No. 2024-00995 (the "Construction Lien") in accordance with the Nebraska Construction Lien Act (the "NCLA"), Neb. Rev. Stat. §§ 52-125 – 52-159.

16. On July 8, 2024, Whiting-Turner filed a surety bond (the "Surety Bond") issued by Fidelity in the amount of $412,525.13 with the Clerk of District Court of Buffalo County, Nebraska, to transfer the collateral obligation of the construction lien to other security pursuant to Neb. Rev. Stat. § 52-142.

17. In the event that GD Concrete's lien is found to be valid and enforceable, GD Concrete is permitted to collect the adjudicated amount from Fidelity, rather than effectuate a foreclosure sale of the Real Estate.

18. To the extent that the Surety Bond may be insufficient to cover the entirety of any judgment entered in favor of GD Concrete, Whiting-Turner may be liable for the amount of the judgment in excess of the Surety Bond as the principal on the Surety Bond.

**COUNT ONE – CONSTRUCTION LIEN FORECLOSURE**

19. GD Concrete repeats and realleges the allegations set forth in Paragraphs 1 through 18.

20. The Subcontract is a real estate improvement contract as defined by Neb. Rev. Stat. § 52-130(1).

21. Whiting-Turner was a prime contractor as defined by Neb. Rev. Stat. § 52-127(8).

22. GD Concrete is a claimant as defined by Neb. Rev. Stat. § 52-127(1).

23. Visible commencement of work on the Real Estate as defined by Neb. Rev. Stat. § 52-137 occurred prior to the recording of the Construction Lien. Under the NCLA, the Construction Lien attaches to the Real Estate at the earlier of visible commencement or the recording of the Construction Lien.

24. GD Concrete has performed all of the conditions on its part to be performed under the Subcontract, including all conditions precedent, or was excused from doing so as a result of Whiting-Turner's multiple breaches of the Subcontract, including, but not limited to, Whiting-Turner's failure to make progress payments pursuant to the Subcontract.

25. GD Concrete has properly filed and perfected the Construction Lien on the Real Estate for the unpaid amount of work performed and materials supplied and incorporated into the Real Estate and provided under the Subcontract.

26. GD Concrete has complied with all applicable provisions of the NCLA and all conditions precedent to recording and perfecting the Construction Lien.

27. GD Concrete has a valid, perfected Construction Lien under the NCLA in the amount of $358,717.50.

28. GD Concrete is entitled to foreclosure of the Construction Lien and the extinguishment of all junior and inferior liens on the Real Estate.

29. The Construction Lien has priority over all other liens and encumbrances on the Real Estate.

30. The Surety Bond has been posted as substitute collateral for the Construction Lien collateral, namely, the Real Estate.

31. In the event that the Construction Lien is found to be valid and enforceable, GD Concrete is permitted to collect the adjudicated amount from Fidelity as the issuer of the Surety Bond, rather than effectuate a foreclosure sale of the Real Estate.

32. To the extent that the Surety Bond may be insufficient to cover the entirety of any judgment entered in favor of GD Concrete, Whiting-Turner may

be liable for the amount of the judgment in excess of the Surety Bond as the principal on the Surety Bond.

**WHEREFORE**, Plaintiff GD Concrete Construction, Inc. prays that the Court find in its favor under Count One and enter a decree as follows:

(a) That GD Concrete Construction, Inc. has a valid Construction Lien against MONA's interest in the Real Estate;

(b) That the Construction Lien is in the amount of $358,717.50 plus applicable pre-judgment and post-judgment interest and costs of suit, or such other amount as may be established at trial;

(c) That the Court adjudicate GD Concrete Construction, Inc.'s Construction Lien and determine the relative priority between GD Concrete's lien and any other interested parties claiming an interest in the Real Estate;

(d) That GD Concrete be paid the amount of its lien, plus applicable pre-judgment and post-judgment interest and costs of the suit, from Fidelity as the issuer of the Surety Bond held by the Clerk of the District Court;

(e) That any excess amount of GD Concrete's lien plus applicable pre-judgment and post-judgment interest and costs of the suit not covered by the Surety Bond be paid by Whiting-Turner as the principal on the Surety Bond; and

(f) All other relief which this Court deems necessary and proper.

## COUNT TWO – BREACH OF CONTRACT

33. GD Concrete repeats and realleges the allegations set forth in Paragraphs 1 through 32.

34. On or around April 27, 2022, GD Concrete and Whiting-Turner came to an agreement for GD Concrete to perform structural concrete work for the Project, previously referred to as the "Subcontract."

35. GD Concrete completed its performance under the Subcontract on or around February 26, 2024.

36. GD Concrete has performed all of the conditions on its part to be performed under the Subcontract, including all conditions precedent to Whiting-Turner's obligation to pay GD Concrete's submitted pay applications for the Project.

37. GD Concrete submitted Pay Application No. 7 for $83,250.00 for a progress payment to Whiting-Turner for its work on the Project pursuant to the Subcontract on or around August 31, 2023.

38. GD Concrete submitted Pay Application No. 9 for $173,396.50 for a progress payment to Whiting-Turner for its work on the Project pursuant to the Subcontract on or around November 20, 2023.

39. GD Concrete submitted Pay Application No. 16 to Whiting-Turner after completing its work on the Project pursuant to the Subcontract on or around May 20, 2024.

40. Despite repeated attempts to collect on the Pay Applications, Whiting-Turner has failed to pay GD Concrete the $358,717.50 it is due for providing labor and materials under the Subcontract.

41. Whiting-Turner's failure to pay the Pay Applications in the amount of $358,717.50 for the labor and material GD Concrete provided under the Subcontract within fifteen (15) days of receiving payment from the Project owner for them constitute breaches of the Subcontract by Whiting-Turner.

42. As a result of Whiting-Turner's breaches of the Subcontract, GD Concrete has suffered damages in the amount of $358,717.50.

**WHEREFORE**, Plaintiff GD Concrete Construction, Inc. respectfully requests that this Court enter judgment in its favor and against Defendant The Whiting-Turner Contracting Company in the amount of $358,717.50, plus statutory interest, costs, attorney fees, and all other relief which the Court deems necessary and proper.

**COUNT THREE – NEBRASKA CONSTRUCTION PROMPT PAY ACT**

43. GD Concrete repeats and realleges the allegations set forth in Paragraphs 1 through 42.

44. GD Concrete was a subcontractor on the Project as defined by Neb. Rev. Stat. § 45-1202(6).

45. Whiting-Turner was a contractor on the Project as defined by Neb. Rev. Stat. § 45-1202(1).

46. GD Concrete has performed work in accordance with the provisions of its contract with Whiting-Turner, previously to as the Subcontract.

47. GD Concrete made payment requests pursuant to the Subcontract on or around August 31, 2023, November 20, 2023, and May 20, 2024, to Whiting-Turner.

48. Whiting-Turner has refused and/or failed to pay GD Concrete for its work and services on the Project and more than thirty (30) days have passed since GD Concrete demanded payment.

**WHEREFORE**, Plaintiff GD Concrete Construction, Inc. respectfully requests that this Court enter judgment in its favor and against Defendant The Whiting-Turner Contracting Company in the amount of $358,717.50, plus finance charges that have accrued under the Invoices, statutory interest, costs, attorney fees, and all other relief which the Court deems necessary and proper.

**COUNT FOUR – UNJUST ENRICHMENT**

49. GD Concrete repeats and realleges the allegations set forth in Paragraphs 1 through 48.

50. Whiting-Turner has received the benefit of GD Concrete providing structural concrete work on the Project, as well as the benefit of all other services and items GD Concrete provided to Whiting-Turner as provided in the Pay Applications.

51. Whiting-Turner has retained the benefit of GD Concrete providing structural concrete work on the Project, and all other services and items GD Concrete provided to Whiting-Turner that are listed in the Pay Applications.

52. Whiting-Turner has unjustly and unfairly failed to pay the Pay Applications.

53. Whiting-Turner has been unjustly enriched by receiving the aforementioned benefits without paying for them.

**WHEREFORE**, Plaintiff GD Concrete Construction, Inc. respectfully requests this Court enter judgment in its favor and against Defendant The Whiting-Turner Contracting Company in the amount of $358,717.50, plus statutory interest, costs, attorney fees, and all other relief which the Court deems necessary and proper.

DATED this 10th day of September 2024.

                    **GD CONCRETE CONSTRUCTION, INC.**, Plaintiff

By: */s/ Joseph F. Willms*
Joseph F. Willms, No. 27110
WOODS AITKEN LLP
10250 Regency Circle, Suite 525
Omaha, Nebraska 68114
Telephone: (402) 898-7400
Fax: (402) 898-7401
Email: jwillms@woodsaitken.com