IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GD CONCRETE CONSTRUCTION, INC., a Nebraska corporation;<br><br>Plaintiff,<br><br>vs.<br><br>THE WHITING-TURNER CONTRACTING COMPANY, a Maryland corporation; and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, an Illinois corporation;<br><br>Defendants. | 8:24CV287<br><br>ORDER |

Before the Court is Plaintiff GD Concrete Construction, Inc.'s ("Plaintiff") Motion to Compel Production of Documents pursuant to Subpoena. Filing No. 52. No timely response was filed to this motion. For the reasons set forth herein, the Court denies this motion.

## BACKGROUND

On September 10, 2024, Plaintiff filed its Amended Complaint against Defendants the Whiting Turner Contracting Company ("Whiting Turner") and Fidelity and Deposit Company of Maryland ("Fidelity") alleging claims for construction lien foreclosure, breach of contract, the Nebraska Construction Prompt Pay Act, and unjust enrichment. The crux of Plaintiff's claims relates to its

1

work, as a subcontractor for Whiting Turner, on a project for the Museum of Nebraska Art ("MONA"), for which Plaintiff alleges it did not receive full payment.

On September 25, 2024, Whiting Turner filed a Third-Party Complaint against Granite Re, Inc. ("Granite") for amounts allegedly owed to it pursuant to a performance and payment bond issued by Granite which guaranteed Plaintiff's performance of its contractual obligations on the project up to the amount of $639,720.00. Whiting Turner alleges Plaintiff materially breached its subcontract with them in various ways and, as such, Granite is obligated to pay certain amounts to Whiting Turner.

On February 18, 2025, this Court entered a Progression Order setting the deadline for completing written discovery, including discovery under Rule 45, by July 15, 2025. Filing No. 37. This was the deadline jointly requested by the parties in their Joint Rule 26(f) Report. Filing No. 36. As also stated in the Joint Rule 26(f) Report, "'[c]ompleted' means the discovery answers or responses to written discovery have been served. As such, written discovery must be served sufficiently in advance of the discovery completion deadline to afford the responding party the time permitted under the discovery rules to answer or respond." Filing No. 36 n. 4. Though the court extended the deadline for filing Motions to Compel until September 9, 2025, that is the only deadline the parties requested be extended. Filing Nos. 49, 50. Plaintiff filed the pending Motion to Compel on September 9, 2025. Filing No. 52.

On July 24, 2025, Plaintiff's counsel mailed the subpoena to MONA. Filing No. 54-1 at 2. The subpoena requested the responsive documents be produced within 21 days after service of the subpoena. Filing No. 54-1 at 4. On July 28, 2025, Plaintiff received an email from an individual on behalf of MONA which indicated "Given that MONA is a non-party, and this is duplicative and exceedingly broad, MONA will object to the subpoena and defer to [Whiting Turner] to respond – which

will not prejudice [Plaintiff]."[1] Filing No. 54-1 at 8. The certified mail return receipt indicates the subpoena was received July 29, 2025. Filing No. 51; Filing No. 54-1 at 10. The dispute remains unresolved.

## ANALYSIS

Though MONA did not file a timely brief in opposition or otherwise respond to the pending motion, "[f]ailure to file an opposing brief is not considered a confession of a motion . . . ." NECiv.R. 7.1(b)(1)(C). Upon review of the evidence submitted in support of the motion, the undersigned finds that the subpoena was untimely and improperly served. As such, the motion must be denied.

"Adherence to progression order deadlines is critical to achieving the primary goal of the judiciary: 'to serve the just, speedy, and inexpensive determination of every action.'" *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) (quoting Fed. R. Civ. Proc. 1). "Accordingly, the district court has broad discretion in establishing and enforcing the deadlines." *Id.* (citing Fed. R. Civ. Proc. 16). As delineated above, the deadline for written discovery, including that pursuant to Rule 45, was July 15, 2025. Filing No. 37. Plaintiff purportedly served the subpoena on July 29, 2025. Filing No. 51. Accordingly, the subpoena was served after the written discovery deadline. Moreover, the deadline to respond to the subpoena was 21 days after service (August 19, 2025), over a month after written discovery had closed. *See Bauer v. Aetna Life Ins. Co.*, 2015 WL 4605705 at *3 (D. Neb. July 30, 2015) (when a discovery deadline is set, "discovery should be served 'sufficiently in advance of the deadline [] such that the responses are due by the deadline for completion of discovery."). No party requested the written discovery deadline be extended. As such, the subpoena was untimely pursuant to the Court's progression order.

---

[1] MONA appears to have received a copy of the subpoena via counsel for Whiting Turner prior to it being sent via certified mail.

3

Further, Defendant used an improper method of service to serve the subpoena. Rule 45(b)(1) addresses the manner of service of a subpoena and states, in relevant part: "Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person…". (emphasis added). The evidence before the Court indicates the subpoena was served via certified mail. Filing No. 51; Filing No. 54-1 at 10. Though there is a minority rule that personal service is not required for a non-party subpoena, the caselaw indicates the Eighth Circuit follows the majority, which requires personal service for a nonparty subpoena. *Firefighter's Inst. For Racial Equality ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000). While there is an indication the Eighth Circuit may consider relaxing the personal service standard, *Firefighters*, at 903, no revision to the personal service requirement of Rule 45 has been delineated in the rules, despite numerous amendments to Rule 45 since 2000. *See In re Miscellaneous Subpoenas*, 2016 WL 4154889 at *2 (D.S.D. Aug 1, 2016). Given the subpoena is also untimely, the undersigned declines the opportunity to broadly construe the service requirements of Rule 45.

For the reasons set forth herein, the motion to compel, Filing No. 52, is denied.

Dated this 24th day of September, 2025.

> BY THE COURT:
>
> *s/ Jacqueline M. DeLuca*
> United States Magistrate Judge

4